The judgment of the court was pronounced by
Slidell, J.
The action is upon a factor’s account, composed of charges for plantation supplies, commissions for endorsing and advancing, commissions which would have been earned upon sale of the defendants’ crop of sugar and molasses, if the same had been shipped to plaintiffs at Philadelphia, as it was alleged that the defendants had agreed to do. The defendants answered by a general denial. They also admitted the agreement to ship their crop of 1846 and 1847; but alleged that the plaintiffs were to furnish vessels at a proper time to take the sugar and molasses ; that they failed to do so; in consequence of which it was detained a long time at the plantation, at much expense and inconvenience, and the defendants were at length obliged to ship it themselves to New Orleans. For the injury and loss thus alleged to have been sustained, the defen *548 dants claimed damages by a plea of reconvention. There was judgment for the plaintiffs for a sum less than they claimed, some of the items of their account being rejected. The plaintiffs have appealed.
The charge for cash advanced to purchase plantation supplies for the defendant, is, sustained by the evidence. It was reserved in a previous settlement of accounts, upon being then disputed, and plaintiffs have a right to claim it now. We think, however, the plaintiffs are not entitled to a commission of two and a half per cent for this cash advance in addition to eight per cent interest. See Lalande v. Breaux, ante p. 505. The same remark applies to another item in the account of $112 19.
The second item, which was for plantation supplies, the defendants contest, upon the ground that the steamer in which they were shipped at New Orleans, for their plantation, was lost on the voyage with the goods, that the plaintiffs had neglected to effect insurance, and must bear the loss. In the letter ordering the shipment, we find no order to insure, nor is it proved that such was the usual course of dealing between these parties, or between planter and factor generally. The objection, therefore, cannot be sustained.
The next item is a claim of commission .of two and one-half per cent for endorsing a note of $4479 33, drawn by the defendants, at one year, and which was in settlement of the balance due to the plaintiffs. If this note had been in point of fact negociated by the defendants, with the aid of the plaintiffs’ endorsement, we would have allowed the commission as a fair equivalent for the use of plaintiffs’ name and credit. This is not shown; and, on the contrary, it would seem the note was delivered to the plaintiffs, and held by them until its maturity. See Lalande v. Breaux, ante p. 505.
Another item is a charge of commission upon sale of a sufficient amount of sugar to pay the note, which, it is said, defendants promised to ship to the plaintiffs, to be sold, and proceeds to be applied to take up the note. We had occasion to consider, in Packwood's case, and in Lalande’s case, the rights of a factor, to charge such commissions as he would have earned, on the sale of the planter’s crop, where the planter has promised to ship and violates his engagement. See 2d Ann. 625; ante p. 505. But, in the present, there was not a positive engagement to ship. The defendants, under the written agreement, reserved the right of selling in Louisiana, if they thought proper, instead of shipping to Philadelphia, to plaintiff’s house.
A similar item is charged for not shipping the crop of 1846, but, in our opinion, the plaintiffs are concluded as to this item, by the settlement made in 1848.
Judgment affirmed, with costs.

Hon. George Eustis, C. J., was not present during this term.